**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FINANCIAL RESOURCES FEDERAL CREDIT UNION | : <br> : |
| V. | : CIVIL ACTION NO.: |
| ALLOYA CORPORATE FEDERAL CREDIT UNION; DIEBOLD NIXDORF AND DIEBOLD, INCORPORATED; J.P MORGAN CHASE BANK, N.A. d/b/a CHASE BANK; LOOMIS ARMORED, INC.; BRINKS COMPANY; DUNBAR ARMORED ABC CORP. #1-5 | : **NOTICE OF REMOVAL** <br> : <br> : SUPERIOR COURT OF NEW JERSEY <br> : SOMERSET COUNTY – LAW DIVISION <br> : NO.: SOM-L-484-20 <br> : |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

Defendant, Alloya Corporate Federal Credit Union (hereinafter, "Alloya"), by its attorneys, respectfully requests removal of this action to this Court and bases this removal on 28 U.S.C. sections 1332(a) (Diversity Jurisdiction), 1441(b) (Removal based on diversity of citizenship), and 1446 (Procedure for removal of civil actions).

**STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action under the diversity of citizenship statute, specifically, 28 U.S.C. § 1332(a).

2. In relevant part, the diversity statute grants district courts original jurisdiction over civil actions in which the matter in controversy exceeds $75,000 (*id.*), exclusive of interest and costs, and is between citizens of different states (28 U.S.C. § 1332 (a) (1)).

3. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

**PLEADINGS, PROCESS AND ORDERS**

4. The initial pleading in this action was a Summons and Complaint, which was filed by Plaintiff on April 21, 2020 before the Superior Court of New Jersey, Somerset County – Law

Division and which was served upon Alloya by a transmittal correspondence sent by certified mail to Alloya by counsel for Plaintiff being dated April 29, 2020 being received Alloya on May 4, 2020 at 11:50 a.m.. A copy of the Summons and Complaint, together with the transmittal correspondence sent by certified mail to Alloya by counsel for Plaintiff being dated April 29, 2020, are annexed hereto and respectively marked as Exhibit A (Summons and Complaint) and Exhibit B (transmittal correspondence sent by certified mail to Alloya by counsel for Plaintiff being dated April 29, 2020). Attached is an Affidavit by Karen Erwin, Administrative Assistant at Alloya to Audra Hurt, Supervisor, Administration at Alloya confirming receipt of the Summons and Complaint by Alloya on May 4, 2020, marked as Exhibit E.

5.  On April 27, 2020, the Superior Court of New Jersey, Somerset County – Law Division issued a Track Assignment Notice stating that discovery is presumptively 450 days but may be enlarged or shortened by the judge and runs from the first answer or 90 days from service on the first defendant, whichever comes first, and informing that the managing judge assigned is Superior Court Judge Yolanda Ciccone. A copy of the Track Assignment Notice is annexed hereto as Exhibit C.

6.  An Amended Complaint in this action was filed by Plaintiff in state court on May 13, 2020 and served upon Alloya on May 18, 2020. A copy of the Amended Complaint, together with the affidavit of service, is annexed hereto as Exhibit D.

7.  In compliance with 28 U.S.C. section 1446(a), attached to this Notice as exhibits are all process, pleadings, and orders filed in this action. Specifically:

    a) Exhibit A – Summon and Complaint;
    b) Exhibit B – 04/29/2020 transmittal letter by Plaintiff's counsel;
    c) Exhibit C – Track Assignment Notice;
    d) Exhibit D –Amended Complaint; and
    e) Exhibit E-- Affidavit confirming receipt of the Summons by Alloya on 05/04/2020.

8.  No further process, pleadings, or orders related to this case have been filed in the Superior Court of New Jersey, Somerset County – Law Division or served by any party.

**TIMELINESS OF REMOVAL**

9. A copy of the Summons (being dated April 29, 2020) and the Complaint were sent by certified and first class mail by Plaintiff to Alloya in Illinois, which was received and served upon Alloya on May 4, 2020. (Ex. E., Affidavit).

10. Under New Jersey Rule of Court 4:4-4 (b) (1) (C) (3), service is permitted by registered or certified mail of a summons and Complaint on a corporation outside of New Jersey.

11. This Notice of Removal is timely filed as it is filed within 30 days of the May 4, 2020 service dated of the Summons and Complaint upon Alloya (28 U.S.C. § 1446(b); *see, Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint)) and within one (1) year of the commencement of this action. U.S.C. § 1446(b)(1).

**DIVERSITY JURISDICTION**

12. Plaintiff and each and every one of the defendants are not citizens of the same state.

13. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332.

14. Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id.*, at § 1332(a)(1).

15. Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met in this case and, therefore, this case is removable to this Court.

16. The United States Supreme Court has held that, under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file a "notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 553 (2014). The Court further held that this language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and that "[a] statement short and plain need not contain evidentiary submissions." *Id.* at 551, 553.

### A. THE CITIZENSHIP OF THE PARTIES IS DIVERSE

17. For removal purposes, citizenship is measured both when the action is filed and removed. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346, 358–360 (3d Cir. 2013) (remand properly denied because diversity existed at time suit was filed and when it was removed; fact that defendant moved operations to state of plaintiff's citizenship five days after removal was irrelevant).

i. PLAINTIFF IS A CITIZEN OF NEW JERSEY

18. Under 28 U.S.C. § 1332(c)(1), for purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. As explained by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010), the phrase principal place of business in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high level officers direct, control and coordinate the corporation's activities, *i.e.*, its nerve center, which will typically be found at its corporate headquarters. *Hertz Corp.*, 559 U.S. at 78.

19. The Complaint alleges that Plaintiff, Financial Resources Federal Credit Union (hereinafter "FRFCU") is, and at all times relevant to this action was, a federally charted Credit Union, headquartered in Bridgewater, New Jersey. (Ex. A., Comp., at ¶ 1).

20. FRFCU was incorporated in New Jersey, as a New Jersey Nonprofit Corporation pursuant to N.J. Stat § 15A:1-1. A certified copy of the original certificate filed on behalf of FRFCU with the Treasurer of the State of New Jersey on March 16, 2001 and that the attached is this document as the same is taken from and compared with the original(s) filed in this office and now remaining on file and of record is annexed hereto as Exhibit F.

21. Thus, for the purposes of federal diversity jurisdiction, FRFCU is a citizen of the State of New Jersey.

ii. ALLOYA IS A CITIZEN OF ILLINOIS.

22. Alloya was, at the time the Complaint was filed, and still is, as of the filing of this removal, incorporated in the State of Illinois. (Ex. G., State of Illinois, Certificate of Good Standing for Alloya).

23. Alloya maintains its principal place of business at 184 Shuman Blvd., Suite #400 Naperville, IL 60563-8406. (Ex. A., Comp., at ¶ 2).

24. Thus, for the purposes of federal diversity jurisdiction, Alloya is a citizen of Illinois.

25. Alloya is not a citizen of the State of New Jersey.

      *iii.*      DIEBOLD NIXDORF, INC. IS A CITIZEN OF OHIO

26. Defendant, Diebold Nixdorf, Inc., is a business corporation and a subsidiary of Defendant, Diebold, Incorporated, formed under the laws of Ohio, with a registered business address and principal place of business of 5995 Mayfair Road, North Canton, Ohio. *See*, attached QUARTERLY REPORT PURSUANT TO SECTION 13 OR 15(D) OF THE SECURITIES EXCHANGE ACT OF 1934 OF DIEBOLD NIXDORF, INC., at page 1 which is attached hereto and marked as Exhibit H.

27. There is no return of service of any process upon Defendant, Diebold Nixdorf, Inc., according to the state court docket entries, a copy of which are attached hereto as Exhibit I.

28. Thus, for the purposes of federal diversity jurisdiction, Diebold Nixdorf, Inc. is a citizen of Ohio.

29. Diebold Nixdorf, Inc. is not a citizen of the State of New Jersey.

      *iv.*      DIEBOLD, INCORPORATED IS A CITIZEN OF OHIO.

30. Defendant, Diebold, Incorporated, is an Ohio corporation, whose principal place of business is at 5995 Mayfair Road, North Canton, Ohio 44720. *See*, attached AMENDMENT NO. 1 TO FORM S-4 REGISTRATION STATEMENT UNDER THE SECURITIES ACT OF 1933 OF DIEBOLD, INCORPORATED, at page 1 of 436 which are attached hereto and marked as Exhibit J.

31. There is no return of service of any process upon Defendant, Diebold, Incorporated, according to the state court docket entries, a copy of which are attached hereto as Exhibit I.

32. Thus, for the purposes of federal diversity jurisdiction, Defendant, Diebold, Incorporated, is a citizen of Ohio.

33. Diebold, Incorporated is not a citizen of the State of New Jersey.

> v.    *JP MORGAN CHASE BANK, N. A. D/B/A CHASE BANK IS A CITIZEN OF OHIO.*

34. Defendant, JPMorgan Chase Bank, N.A., d/b/a Chase Bank ("JP Morgan") is a national banking association organized and existing under the laws of the United States with a main office, as designated in its Articles of Association, in Ohio, and thus Chase is a citizen of Ohio for the purpose of diversity of citizenship. *See, Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006) (national bank is citizen of state at which it maintains its main office, as set forth in its articles of association); *see also*, attached Exhibit K, being the Articles of Incorporation for JPMorgan Chase Bank, N.A.

35. Chase Bank, successor by merger to Defendants Chase Home Finance and Chase Manhattan Mortgage Corporation, is, and was at all relevant times, a national banking association with its main office in the State of Ohio.

36. In *Excelsior Funds, Inc. v. JPMorgan Chase Bank, N.A.*, 470 F. Supp. 2d 312 (S.D.N.Y. 2006), the court established that Chase Bank "is a national banking association with its main office in the State of Ohio, as designated in its articles of association."

37. For these reasons, pursuant to 28 U.S.C. § 1348, Chase Bank is a citizen of the State of Ohio.

38. There is no return of service of any process upon Defendant, JP Morgan Chase Bank, N.A., d/b/a Chase Bank, according to the state court docket entries, a copy of which are attached hereto as Exhibit I.

39. Thus, for the purposes of federal diversity jurisdiction, JP Morgan Chase Bank, N.A. d/b/a Chase Bank is a citizen of Ohio.

40. JP Morgan Chase Bank, N.A. d/b/a Chase Bank is not a citizen of the State of New Jersey.

    *vi.*  D<small>EFENDANT</small>, L<small>OOMIS</small> A<small>RMORED</small> I<small>NC</small>. <small>IS A</small> C<small>ITIZEN</small> O<small>F</small> T<small>EXAS</small>

41. Defendant, Loomis Armored Inc., maintains its principal place of business at 350 North St. Paul Street, Dallas, Texas 75201. *See*, attached A<small>RTICLES OF</small> A<small>MENDMENT TO THE</small> A<small>RTICLES OF</small> I<small>NCORPORATION OF</small> L<small>OOMIS</small> A<small>RMORED</small> I<small>NC</small>., A<small>RTICLE</small> VI: R<small>EGISTERED</small> O<small>FFICE AND</small> A<small>GENT</small>, at page 11 of 19, which are attached hereto and marked as Exhibit L.

42. Defendant, Loomis Armored Inc., is organized under the laws of the State of Texas, with its principal place of business located in Harrison, Texas. (Ex. L., at pages 2, 5, 6, 9, 10 of 19).

43. There is no return of service of any process upon Defendant, Loomis Armored Inc., according to the state court docket entries, a copy of which are attached hereto as Exhibit I.

44. Thus, for the purposes of federal diversity jurisdiction, Loomis Armored US, LLC, is a citizen of Texas.

45. Loomis Armored US, LLC, is not a citizen of the State of New Jersey.

    *i.*  B<small>RINKS</small> C<small>OMPANY</small> I<small>S</small> A C<small>ITIZEN</small> O<small>F</small> V<small>IRGINIA</small>.

46. For diversity purposes, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

47. As explained by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), the phrase principal place of business in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high level officers direct, control and coordinate the corporation's activities, *i.e.*, its nerve center, which will typically be found at its corporate headquarters. *Hertz Corp.*, 559 U.S. at 78.

48. Defendant, Brinks Company ("Brinks") was, at the time the Complaint was filed, and still is, as of the filing of this removal, incorporated pursuant to the laws of the Commonwealth of

Virginia with its principal place of business and headquarters offices[1] located at 1801 Bayberry Court, Richmond, VA 23226-8100. *See,* attached AMENDED AND RESTATED ARTICLES OF INCORPORATION OF THE BRINK'S COMPANY, ARTICLE III, DIVISION I at ¶ 1 (b) ¶, which are attached hereto and marked as Exhibit M.

49. Its principal place of business was, at the time of the filing of the Complaint, and still is, as of the filing of this removal, located at its corporate headquarters at Richmond, Virginia.

50. There is no return of service of any process upon Defendant, Brink's, according to the state court docket entries, a copy of which are attached hereto as Exhibit I

51. Thus, for the purposes of federal diversity jurisdiction, Brink's is a citizen of Virginia.

52. Defendant, Brink's, is not a citizen of the State of New Jersey.

> ii. DEFENDANT, DUNBAR ARMORED, INC., WAS MERGED INTO BRINK'S EFFECTIVE SEPTEMBER 30, 2019, AND WAS A CITIZEN OF THE STATE OF MARYLAND PRIOR TO THE MERGER.

53. Defendant, Dunbar Armored, Inc. ("Dunbar") was merged with Brink's effective at 11:59 p.m. Eastern time on September 30, 2019. *See* ARTICLES OF MERGER OF DUNBAR ARMORED, INC. WITH AND INTO BRINK'S, INCORPORATED, filed with the Maryland Secretary of State, which are attached hereto and marked as Exhibit N.

54. Prior to the merger, Dunbar was incorporated under the laws of the State of Maryland, and its principal office was located in Baltimore County, Maryland. *See,* Exhibit N*,* ARTICLE III: REPRESENTATIONS AND WARRANTIES OF THE SELLER*,* at page 16 of 74

55. Thus, for the purposes of federal diversity jurisdiction, Dunbar is a citizen of Maryland.

56. Dunbar is not a citizen of the State of New Jersey.

57. Subsequent to the merger, Brink's assumed all debts, liabilities, duties and obligations of Dunbar. *Ibid.,* ARTICLE VI: COVENANTS*,* at page 47 of 74, ¶¶ 6.16.3 and 6.17; at page 48 of 74, ¶

---

[1] *See,* www. https://us.brinks.com/overview [accessed 5/20/2020 10:29 AM]; *see also*, attached executed Contract with Brinks marked and attached as Exhibit O, identifying Brink's US, a Division of Brink's, Incorporated ("Brink's") a Delaware corporation. Defendant, Alloya, has a contract with Brink's US.

6.20; and, ARTICLE IX: POST-CLOSING INDEMNIFICATION; LIMITATIONS ON RECOVERY, at page 53 of 74, ¶ 9.4.1.1 (Post-Closing Indemnification).

58. There is no return of service of any process upon Defendant, Dunbar, according to the state court docket entries, a copy of which are attached hereto as Exhibit I.

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

59. Based upon the allegations contained in Plaintiff's Complaint (Compl., at ¶ 10), the amount in controversy concerns missing and/or unaccounted for funds totaling $503,419.00.

60. Thus, the amount in controversy in this action has been met because Plaintiff seeks damages within the jurisdictional authority of this Court.

61. Since diversity of citizenship exists between Plaintiff and the Defendants and the amount in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1).

62. This action is therefore proper for removal to this Court.

### NO JOINDER REQUIRED

63. Unnamed, or doe defendants are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (doe defendants need not join in removal).

64. A nominal defendant or one that has not been served does not need to join the notice of removal. A defendant is "unknown" if their identity is not known to other defendants. *Green v. America Online*, 318 F.3d 465, 470 (3d Cir. 2003). In *Green*, the court found that the defendants did not violate the Rule of Unanimity because the "John Doe" defendants were considered unknown, and thus not required to join in or consent to the removal. *Id.*

65. Defendants, ABC CORP. #1-5 are named defendants who are mentioned several times throughout the Complaint.

66. Moreover, Defendants, ABC CORP. #1-5 could not have been known to the Removing Defendants because they are not identified by the Plaintiff in its Complaint and Amended Complaint.

67. Accordingly, Defendants, ABC CORP. #1-5 are unknown defendants and the Removing Defendants met this exception to the Rule of Unanimity.

68. Thus, joinder by Defendants, ABC CORP. #1-5 is not required.

## VENUE

69. Venue is proper in this Court because this action was originally filed in the Superior Court of New Jersey, Somerset County – Law Division, located within the District of the Court. See 28 U.S.C. §§ 84(c), 1441(a).

70. Plaintiff also alleges that it conducts business and maintains its principal place of business in New Jersey (Ex. A., Compl, ¶ 1), which also makes venue in this Court proper.

## NOTICE OF REMOVAL TO PLAINTIFF

71. Following the filing of this Notice of Removal in the United States District Court for the District of New Jersey, written notice of such filing will be contemporaneously given by the undersigned to Plaintiff's counsel of record, Daniel R. Bevere, Esq. (039071994) and Todd M. Galante, Esq. (015541986) of PIRO, ZINNA, CIFELLI, PARIS & GENITEMPO, LLC and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Somerset County – Law Division.

## PRAYER FOR REMOVAL

*WHEREFORE,* Alloya prays that this civil action be removed from the Superior Court of New Jersey, Somerset County – Law Division to the United States District Court of the District of New Jersey.

DEVLIN ASSOCIATES, P.C.

By:_____
John Gerard Devlin, Esquire (052441991)
1500 John F. Kennedy Blvd., Suite 1000
Philadelphia, PA 19102
Attorney for Alloya Corporate Federal Credit Union
File Number: 689-21541