PIRO, ZINNA, CIFELLI, PARIS & GENITEMPO, LLC
Daniel R. Bevere, Esq. (039071994)
Todd M. Galante, Esq. (015541986)
360 Passaic Avenue
Nutley, NJ 07110
P: (973) 661-0710/F: (973) 661-5157
Email: Dbevere@pirozinnalaw.com
Email: Tgalante@pirozinnalaw.com
Attorneys for Plaintiff, Financial Resources Federal Credit Union

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FINANCIAL RESOURCES FEDERAL CREDIT UNION,<br><br>    Plaintiff,<br><br>v.<br><br>ALLOYA CORPORATE FEDERAL CREDIT UNION, DIEBOLD NIXDORF and DIEBOLD INCORPORATED, J.P. MORGAN CHASE BANK, N.A. d/b/a CHASE BANK, LOOMIS ARMORED INC., BRINKS COMPANY, DUNBAR ARMORED, ABC Corps. #1-5<br><br>    Defendants. | Civil Action No. 3:20-cv-06180- FLW-DEA<br><br>**CIVIL ACTION** |

**BRIEF IN OPPOSITION TO DEFENDANT'S, J.P. MORGAN CHASE BANK, N.A., MOTION TO DISMISS**

## TABLE OF CONTENTS

**TABLE OF CONTENTS** . . . . . . . . . . . . . . . . . . . . . . . i

**TABLE OF AUTHORITIES**. . . . . . . . . . . . . . . . . . . . . ii

**PRELIMINARY STATEMENT**. . . . . . . . . . . . . . . . . . . . .1

**STATEMENT OF FACTS**. . . . . . . . . . . . . . . . . . . . . . 1

**LEGAL ARGUMENT**. . . . . . . . . . . . . . . . . . . . . . . . 2

**I. WHERE PLAINTIFF PLED LEGALLY COGNIZABLE CLAIMS AGAINST DEFENDANT J.P. MORGAN CHASE BANK, N.A., DEFENDANT'S MOTION TO DISMISS MUST BE DENIED**. . .2

**II. DESPITE DEFENDANT'S ARGUMENT TO THE CONTRARY, A FIDUCIARY DUTY EXISTS BETWEEN PLAINTIFF AND DEFENDANT, AND WHERE THERE IS NO OTHER REMEDY AT LAW, PLAINTIFF IS ENTITLED TO AN ACCOUNTING**. . . . . . . . . . . . .4

**A. PLAINTIFF CAN ESTABLISH THE NECESSARY ELEMENTS FOR AN ACCOUNTING CLAIM WHERE THERE EXISTS A FIDUCIARY RELATIONSHIP AND THERE IS NO OTHER REMEDY AT LAW FOR THE RELIEF PLAINTIFF SEEKS IN COUNT I OF PLAINTIFF'S COMPLAINT**. . . . . . . . . . . . .9

**III. PLAINTIFF'S CLAIM FOR CONVERSION IS PROPER BECAUSE THE FUNDS ARE NOT A DEBT, AND THE MONEY SUBJECT TO THE ALLEGED CONVERSION WAS A DETERMINATE SUM THAT WAS ENTRUSTED TO DEFENDANT FOR A SPECIFIC PURPOSE**. . . . .10

**IV. THE U.C.C. DOES NOT BAR PLAINTIFF FROM MAKING A COMMON LAW CONVERSION CLAIM**. . . . . . . . . . . . . . . . . . 12

**Conclusion**. . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

**Cases**

Advanced Enterprises Recycling, Inc. v. Bercaw,
  376 N.J. Super. 153 (App. Div. 2005). . . . . . . . .10,11

Bartholomew v. Fischl,
  782 F.2d 1148 (3d Cir. 1986). . . . . . . . . . . . .3

Bell Atl. Corp. v. Twombly,
  550 U.S. 544, 570 (1955). . . . . . . . . . . . . . .3

Big M, Inc. v. Dryden Advisory Group,
  No. 08-3567, 2009 WL 1905106
  (D.N.J. June 30, 2009). . . . . . . . . . . . . . . . 5

Bond v. Vining Sparks (In re U.S. Mortg. Corp.),
  492 B.R. 784 (Bankr. D.N.J. 2013). . . . . . . . . . 9

Dairy Queen, Inc. v. Wood,
  369 U.S. 469, 478 (1962 ). . . . . . . . . . . . . .9

Delzotti v. Morris,
  2015 WL 5306215, (D.N.J. Sept. 10, 2015) . . . . . 9

F.G. v. MacDonell,
  150 N.J. 550, 696 A.2d 697 (N.J. 1997). . . . . . . 5

Fowler v. UPMC Shadyside,
  578 F.3d 203 (3d Cir. 2009). . . . . . . . . . . . 3

Girard Bank v. Mt. Holly State Bank,
  474 F. Supp. 1225 (D.N.J. July 27, 1979). . . . .   12

Grund v. Del. Charter Guarantee & Tr. Co.,
  788 F. Supp. 2d 226 (S.D.N.Y. 2011). . . . . . . . 8

Phillips v. Cnty. of Allegheny,
  515 F.3d 224 (3d Cir. 2008). . . . . . . . . . . . .3

Rainbow Apparel Inc. v. KCC Trading, Inc.,
  2010 WL 2179146 (D.N.J. May 26, 2010). . . . . . . .9

Regions Bank v. Provident Bank, Inc.,
  345 F.3d 1267 (11th Cir. 2003). . . . . . . . . . . 13

Schaffer v. Home Mortg. Corp.,
	2019 WL 1434720 (D.N.J. Mar. 31, 2019). . . . . . . . .6,7

Sebastian v. D&S Express, Inc.,
	61 F. Supp. 2d 386, 391 (D.N.J. 1999). . . . . . . . .12,13

Sheerbonnet, Ltd. v. Am. Express Bank, Ltd.,
	951 F. Supp. 403, 407 (S.D.N.Y. 1995). . . . . . . . .13

Sturm v. Clark
	835 F.2d 1009 (3d Cir. 1987). . . . . . . . . . . . . 2

Tiberi v. CIGNA Corp.,
	89 F.3d 1423 (10th Cir. 1996). . . . . . . . . . . . .8

United Jersey Bank v. Kensey,
	306 N.J.Super. 540 A.2d 38 (App. Div. 1997). . . . . .7

Vibra-Tech Eng'rs, Inc. v. Kavalek,
	2011 WL 111417, (D.N.J. Jan. 13, 2011). . . . . . . .5


**Rules**

Rule 12(B)(6). . . . . . . . . . . . . . . . . . . . .2,3


**American Jurisprudence**
18 Am Jur 2d Conversion § 8. . . . . . . . . . . . . .9

**PRELIMINARY STATEMENT**

Defendant J.P. Morgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) must be denied where a legally cognizable claim is pled, where a fiduciary relationship existed between the parties therefore entitling Plaintiff to the relief Plaintiff seeks in Count I of the Complaint, and where Plaintiff's claim for common law conversion is not barred by the UCC. Where Plaintiff has properly pled a claim upon which relief can be granted, Defendant's motion must be denied.

**STATEMENT OF FACTS**

Plaintiff, Financial Resources Federal Credit Union ("FRFCU"), is a federally chartered credit union headquartered in Bridgewater, New Jersey. Defendant J.P. Morgan Chase Bank, N.A., doing business as Chase Bank (hereinafter "Chase Bank"), was and is a financial institution at which account(s) were maintained for Defendant Alloya to use to fill cash orders for Automated Teller Machines (hereinafter "ATMs") owned and/or operated by Plaintiff, FRFCU.

Commencing in 2013, FRFCU entered a contractual relationship with Alloya for the purpose of providing and/or supplying cash for Automated Teller Machines (hereinafter "ATMs") owned by FRFCU. The cash which was used for Plaintiff's ATMs was provided through an

1

account maintained at Defendant Chase Bank for that purpose. Defendant Alloya would withdraw the money from the Chase account and the cash carriers would then transport the funds to the ATMs. When deliveries of new cash would be made to the ATMs, deposits and cash remaining from the prior deposit would also be picked up. Upon information and belief, the cash would ultimately be returned to the account(s) at Defendant Chase Bank, from which the withdrawals of cash were made.

Beginning on or about May 22, 2014 and continuing through December 22, 2015, Plaintiff did not receive proper credits or reconciliation of its FRFCU Transaction Account via Alloya, at Defendant Chase Bank for cash and cash deposits that were retrieved by Defendant Diebold and/or at Diebold's direction, when deliveries were made to Plaintiff's ATMs. As such, Plaintiff filed suit against several Defendants, including Defendant Chase Bank, for an accounting and for conversion.

**LEGAL ARGUMENT**

**I.   WHERE PLAINTIFF PLED LEGALLY COGNIZABLE CLAIMS AGAINST DEFENDANT J.P. MORGAN CHASE BANK, N.A., DEFENDANT'S MOTION TO DISMISS MUST BE DENIED**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted does not attack the merits of the action, but merely tests the legal sufficiency of a complaint. Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). A

2

court may grant a motion to dismiss a complaint under Rule 12(b)(6) "only if, accepting all alleged facts as true, the plaintiff is not entitled to relief." Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986).  In considering a Rule 12(b)(6) motion to dismiss on the pleadings, the court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (1955); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

   Plaintiff has sufficiently set forth cognizable claims against Defendant Chase Bank.  As set forth in Plaintiff's Amended Complaint, Defendant Chase Bank was and is a financial institution at which account(s) were maintained for Plaintiff, via Alloya, and were used to fill cash orders for Automated Teller Machines owned and/or operated by Plaintiff.  The credit or payment for the ATM cash would come from an account held at Chase Bank, and maintained by Plaintiff.  Deposits made at the ATMs would be delivered back to Chase Bank, and would credit Plaintiff's account.

3

Beginning on or about May 22, 2014 and continuing through December 22, 2015, Plaintiff did not receive proper credits or reconciliation of its account at Chase Bank for cash and cash deposits that were moved to and from the account to the ATMs. Defendant Chase Bank at all relevant times hereto, jointly, severally and/or individually ***exercised possessory control over Plaintiff's monies***, and while under Defendant's control, a total $503,419.00 is unaccounted for. Each of the Defendants exercised possessory control over Plaintiff's funds at some point during the relevant time period, i.e. when the funds disappeared. Where multiple Defendants had possessory control over the funds, Plaintiff was left with no alternative but to file suit against all of the Defendants. An accounting is required, as it must be determined how fault would be apportioned amongst the Defendants for the conversion of Plaintiff's monies. Where Chase Bank was one of several Defendants that exercised possessory control over the Plaintiff's funds during the relevant time period, Plaintiff has set forth a legally cognizable claim against Defendant Chase Bank for an accounting and for conversion.

II. **DESPITE DEFENDANT'S ARGUMENT TO THE CONTRARY, A FIDUCIARY DUTY EXISTS BETWEEN PLAINTIFF AND DEFENDANT, AND WHERE THERE IS NO OTHER REMEDY AT LAW, PLAINTIFF IS ENTITLED TO AN ACCOUNTING**

The existence of a fiduciary relationship between Plaintiff and moving Defendant precludes dismissal of Count I of Plaintiff's

4

Complaint as to Chase Bank. The determination of a fiduciary relationship is a fact intensive inquiry. Vibra-Tech Engineers, Inc. v. Kavalek, 2011 WL 111417, at *4 (D.N.J. Jan. 13, 2011). A fiduciary relationship arises between two parties when one party has a duty to give advice or act for the benefit of another on matters within the scope of their relationship. F.G. v. MacDonell, 150 N.J. 550, 696 A.2d 697, 704 (N.J. 1997). A hallmark of a fiduciary relationship is one party's placement of "trust and confidence in another." Big M, Inc. v. Dryden Advisory Group, 2009 WL 1905106 at *24 (D.N.J. June 30, 2009) ("A fiduciary obligation exists whenever one person places special trust and confidence in another person upon whom the person relies to exercise discretion and expertise upon behalf of that person").

Defendant Chase Bank argues that the relationship between Plaintiff and Defendant was one of debtor-creditor, which rarely are found to give rise to a fiduciary duty, and cites a number of cases to support that argument. However, the relationship between the plaintiff and defendant in every case cited by Defendant was either created by a party taking out a loan or mortgage with the other, or through bankruptcy. None of those cases reflect the relationship between Plaintiff and Defendant in the present matter.

All money alleged to be lost in this action belongs to Plaintiff, and Plaintiff owes no debt to Defendant. Defendant Chase

5

Bank was responsible for maintaining accounts containing Plaintiff's funds. And though generally, relationships between a depositor and a bank are viewed to be one of debtor-creditor, that is not always the case.

Recently, in Schaffer v. Home Mortg. Corp., WL 1434720 (D.N.J. Mar. 31, 2019) in the context of a motion to dismiss filed by plaintiffs against defendant PNC Bank, the District Court determined that plaintiffs, who were depositors with defendant PNC Bank, alleged sufficient facts to support their claim of a fiduciary relationship with PNC. In Schaffer, plaintiffs filed suit against several defendants alleging that the defendants conspired to steal or convert plaintiffs' funds, which had been deposited in an escrow account at PNC Bank, intended as a good faith deposit for plaintiff's purchase of a corporation, Home Mortgage Corporation. Id. at *1-2. The plaintiffs and defendant DiAntonio opened and became signatories on a PNC Bank account and deposited $100,000 into the account as a good faith deposit to be held in escrow as part of an agreement between the parties to purchase Home Mortgage Corporation. Id. Plaintiffs left PNC Bank, and alleged that after they left and without plaintiff's knowledge or consent, defendant Sisson and Zagoria were added to the PNC bank account as co-signatories. Id. at *2. Plaintiffs allege that they discovered several fraudulent activities by Sisson and Zagoria. Id. Plaintiffs alleged that Sisson and Zagoria improperly

6

used $92,000 of the of $100,000 that was supposed to be held in escrow as good faith money for the same of Home Mortgage Corporation. Id. Plaintiffs filed suit against several defendants, including PNC Bank, alleging that PNC bank owed them a duty of care when they signed an agreement to become signatories on the PNK bank account in which they deposited their good faith $100,000 to be held in escrow.

PNC Bank filed a motion to dismiss the plaintiffs' complaint, arguing that the plaintiffs failed to establish the existence of a fiduciary duty. The District Court disagreed. Id. at *5. Generally, a fiduciary relationship arises only in cases in which one of the parties "'expressly reposes a trust or confidence in the other' or because of the circumstances 'such a trust or confidence is necessarily implied.'" United Jersey Bank v. Kensey, 306 N.J.Super. 540, 553, 704 A.2d 38 (App. Div. 1997). While the District Court acknowledged that ordinarily "a bank's relationship with a depositor is one of debtor-creditor" and that generally creditor-debtor relationships rarely give rise to a fiduciary duty, in this circumstance, where a relationship existed between plaintiffs and PNC Bank in the form of an escrow, which by its nature is a relationship of trust, there did exist a relationship giving rise to a fiduciary duty. Schaffer at *5.

For the reasons discussed by the Schaffer Court, the relationship here between Plaintiff and Defendant, Chase Bank,

7

based on the circumstances, was one established on trust and confidence. Plaintiffs monies were deposited and maintained by Defendant, Chase Bank. Funds were deposited and withdrawn in order to supply Plaintiff's ATM machines with the necessary cash in order for Plaintiff's business to operate. At some point in time, extensive funds suddenly went unaccounted for. Critically, Plaintiff depended on Defendants to preserve and account their financial assets--loss or destruction of those assets would directly impact Plaintiff's business. As the entity responsible for maintaining the funds, a fiduciary relationship existed between the parties and an accounting is essential.

In Tiberi v. CIGNA Corp., 89 F.3d 1423 (10th Cir. 1996) the court found that Tiberi, being an exclusive agent of Cigna, meant that Tiberi's success hinged solely on Cigna's performance. Tiberi placing that great of trust in Cigna's judgement meant to the court that there was sufficient evidence to prove that was a genuine issue of material fact regarding whether a fiduciary relationship existed. Id. at 1432. Defendant clearly owed a fiduciary duty to Plaintiff and breached that duty. Any questions of fact as to the relationship cannot be resolved on a motion to dismiss. Grund v. Del. Charter Guarantee & Tr. Co., 788 F. Supp. 2d 226, 249 (S.D.N.Y. 2011).

Courts have long recognized a claim for accounting based on the existence of a fiduciary duty and the need for discovery.

8

Delzotti v. Morris, 2015 WL 5306215, at *10 (D.N.J. Sept. 10, 2015). In Bond v. Vining Sparks (In re U.S. Mortg. Corp.), 492 B.R. 784 (Bankr. D.N.J. 2013) the Court declined to dismiss an accounting claim because discovery was needed to determine whether a fiduciary relationship existed. For the same reasons the Court denied the motion to dismiss in Bond, the Court must deny Defendant's Motion here, where at a minimum, the existence of a fiduciary duty between Plaintiff and Defendant Chase Bank is in dispute.

**A. PLAINTIFF CAN ESTABLISH THE NECESSARY ELEMENTS FOR AN ACCOUNTING CLAIM WHERE THERE EXISTS A FIDUCIARY RELATIONSHIP AND THERE IS NO OTHER REMEDY AT LAW FOR THE RELIEF PLAINTIFF SEEKS IN COUNT I OF PLAINTIFF'S COMPLAINT**

Plaintiff is entitled to the relief sought in Count I of Plaintiff's Complaint and therefore Defendant's Motion must be denied. In order to be entitled to an accounting, in addition to establishing the fiduciary relationship as established above, it must be shown that there is no other adequate remedy at law. See Rainbow Apparel Inc. v. KCC Trading, Inc., 2010 WL 2179146 at *6-7 (D.N.J. May 26, 2010) citing Dairy Queen, Inc. v. Wood, 369 U.S. 469, 478 (1962).

Where the bank account from which the funds are unaccounted for was maintained by Defendant Chase Bank, it might very well be that Chase Bank is the only party that can account for the whereabouts of the $503,419.00 of Plaintiff's funds. Plaintiff

9

has clearly established that it is entitled to an accounting. A claim seeking a full accounting is necessary and would provide that information. Where there is a fiduciary relationship between Plaintiff and Defendant Chase Bank and where there is no other adequate remedy at law, Plaintiff has pled a cognizable claim for an accounting and therefore Defendant's Motion to Dismiss Count I of Plaintiff's Complaint must be denied.

### III. **PLAINTIFF'S CLAIM FOR CONVERSION IS PROPER BECAUSE THE FUNDS ARE NOT A DEBT, AND THE MONEY SUBJECT TO THE ALLEGED CONVERSION WAS A DETERMINATE SUM THAT WAS ENTRUSTED TO DEFENDANT FOR A SPECIFIC PURPOSE.**

Plaintiff has properly set forth the requisite elements of a conversation claim against Defendant Chase Bank and therefore Defendant's Motion to Dismiss the second count of Plaintiff's Amended Complaint must be denied.

As set forth in Defendant's own brief, the "tort of conversion is the wrongful exercise of dominion and control over property owned by another in a manner inconsistent with the owner's rights." See Db. At 8 citing to Advanced Enterprise Recycling, Inc. v. Bercaw, 376 N.J. Super. 153, 161 (App. Div. 2005). Here, Plaintiff has clearly established that it exercised dominion and control over property owned by another, where Chase Bank had dominion and control over FRFCU's funds. It is Plaintiff's allegation that Chase Bank acted in a way that was inconsistent with FRFCU's rights, which led to the more than a half million dollars in

10

unaccounted funds. As such, by Defendant's own argument, Plaintiff has sufficiently pled the requisite elements for a conversation claim against Defendant Chase Bank.

Defendant Chase Bank wrongfully argues that the relationship between Plaintiff and Chase Bank here is one of a debtor-creditor and therefore any alleged loss of money would be represented as a debt and an action of conversion would be improper. However, the court in <u>Advanced Enterprises Recycling, Inc.</u> specifically stated that "[h]ere, the funds in question **were not deposited with** [defendant], but were the proceeds of sales made by [defendant]. Plaintiffs and [defendant], therefore, stand in a debtor-creditor relationship." Id. 162 (emphasis added). The relationship between Plaintiff and Defendant is better represented in the beginning of the quote, as Plaintiff had deposited the funds in question with Defendant, and therefore would not be described as a debtor-creditor relationship.

Furthermore, 18 Am Jur 2d Conversion § 8, which states legal authority on actions of conversion, advises that:

> …while conversion does not lie for money represented by a general debt, *it is otherwise where funds are placed in the custody of another for a specific purpose*. In other words, money may be the subject of a conversion action only if it is a determinate sum which the defendant was *entrusted to apply to a certain purpose*.
>
> 18 Am Jur 2d Conversion § 8 (emphasis added).

11

The money alleged to have been converted is a determinate sum of $503,419.00. Plaintiff entrusted their money in the custody of Defendant in the form of the Transaction Account for the specific purpose of being strictly used as funds for Plaintiff's ATMs. The Court, following what is stated in 18 Am Jur 2d Conversion § 8, should find that Plaintiff's claim of conversion is proper.

IV. **THE U.C.C. DOES NOT BAR PLAINTIFF FROM MAKING A COMMON LAW CONVERSION CLAIM.**

The Uniform Commercial Code (U.C.C.)cannot be read to preclude a common law action. Girard Bank v. Mt. Holly State Bank, 474 F. Supp. 1225, 1239 (D.N.J. July 27, 1979). Further, the court in Sebastian v. D&S Express, Inc. found that the analysis for whether common law remedies are preempted by the U.C.C. begins first with:

> …two basic propositions. "First, the UCC is to be 'liberally construed and applied to promote its underlying purposes and policies,' which include simplifying and clarifying the law governing commercial transactions, fostering the expansion of commercial practices, and standardizing the laws of the various jurisdictions." New Jersey Bank, N.A. v. Bradford Securities Operations, Inc., 690 F.2d 339, 345, 34 U.C.C. Rep. Serv. (Callaghan) 1057 (3d Cir. 1982) (citing Section I- 1 02(l)-(2)); *see also* 13 Pa. C. S.A. II 02(b). Second, the New Jersey Bank court reminds the reader that "the UCC does not purport to preempt the entire body of law affecting the rights and obligations of parties to a commercial transaction." *New Jersey Bank*, 690 F.2d at 345. Courts have interpreted these two basic principles to mean that the UCC does not displace the common law of tort unless reliance on the common law would "thwart the purposes of the Code." New Jersey

12

Bank, 690 F.2d at 345.

61 F. Supp. 2d 386, 391 (D.N.J. 1999).

In Regions Bank v. Provident Bank, Inc., 345 F.3d 1267 (11th Cir. 2003) the Court was similarly faced with an alleged harm from a funds transfer.  The Court looked to Article 4A of the U.C.C. for direction. "Parties whose conflict arises out of a funds transfer should look first and foremost to Article 4A for guidance in bringing and resolving their claims . . . ." Sheerbonnet, Ltd. v. Am. Express Bank, Ltd., 951 F. Supp. 403, 407 (S.D.N.Y. 1995). The plaintiff was asserting several different common law claims, to which the defendant raised the argument that they were barred by the U.C.C. The court held that Article 4A is not the "exclusive means by which a plaintiff can seek to redress an alleged harm arising from a funds transfer." Regions, 345 F.3d at 1275, quoting Sheerbonnet, 951 F. Supp. at 409. The only restraint on this principle that the court found was that "resort[ing] to principles of law or equity outside of Article 4A is not appropriate to create rights, duties and liabilities inconsistent with those stated in this Article." U.C.C. § 4A-102 cmt. But, the Court did not find relying on common law remedies was inconsistent with the U.C.C. as "[t]he Article itself is replete with references to common law remedies." Sheerbonnet, 951 F. Supp. at 408. Similarly, here should Plaintiff's common law claim of conversion is not inconsistent

13

with the rights, duties, and liabilities stated in the U.C.C. and as such Plaintiff must not be precluded from asserting a common law claim against Defendant here.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant Chase Bank's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint.

                                      PIRO ZINNA CIFELLI PARIS
                                      & GENITEMPO
                                        Attorneys for Plaintiff
                                        Financial Resources Federal
                                        Credit Union

                                        By: *Daniel R. Bevere*
Dated: August 3, 2020                 DANIEL R. BEVERE, ESQ.
                                            Member of the Firm